OPINION OF THE COURT
Evans V. Brewster, S.
In this proceeding the administratrix of decedent’s estate seeks approval of a compromise of an action for legal malpractice arising out of the prosecution of a wrongful death action, the settlement of which was approved by order of this court on June 14,1971. Petitioner also seeks a resettlement of the order of June 14, 1971 to permit the distribution of the additional funds and to judicially settle her account as administratrix.
The wrongful death action was originally initiated against only one defendant, the driver of the vehicle which collided with a vehicle driven by the decedent and caused his death. The wrongful death action was compromised for the sum of $90,000 in recognition of the $100,000 limitation of insurance coverage. As the decedent was a young man, employed as a police officer with a wife and four small children, the petitioner concluded that while the likelihood of a more substantial award existed, the settlement was in the lesser amount and less than a fair and reasonable settlement because of the limited insurance coverage.
*366 Subsequent to the settlement of the action on June 14, 1971, the petitioner after investigation, determined that other parties should have been joined as defendants in the action. Thereafter, an action for legal malpractice was commenced against the former attorney based upon his failure to join as defendants, all parties who could be charged with negligently contributing to the death of the decedent. After several days of trial, a settlement in the amount of $70,000 was negotiated and accepted by the parties.
The proposed settlement was approved as to amount by a Justice of the Supreme Court and the administratrix now seeks the consent of this court to the compromise of the action for legal malpractice and resettlement of the order of June 14, 1971. When the wrongful death action was settled in 1971, the proceeds after counsel fees and disbursements, were to be distributed among the widow and four minor children in stated percentages. Three of the children are now adults and have consented to the compromise of the action for legal malpractice and the distribution of funds in accordance with the percentages applied to the distribution in 1971. The petitioner joins in seeking the same percentage distribution. The interest of the minor child is protected by a guardian ad litem who joins in the request for a distribution of the proceeds of the settlement in accordance with the previously ordered percentages.
Upon the facts and circumstances presented, the administratrix is authorized to settle the action for legal malpractice in the amount of $70,000. Attorneys’ fees are allowed in the amount requested. Disbursements are allowed in the reduced amount of $2,187.06.
The bifurcated aspect of the disposition of the action for wrongful death presents a question regarding the distribution of the proceeds of the settlement of the action for legal malpractice. Proceeds from the settlement of an action for legal malpractice would ordinarily become an estate asset and would be distributed pursuant to the laws governing intestate decedents’ estates. A distribution of the proceeds as estate assets under the laws governing intestate estates (EPTL 4-1.1) would be substantially different from the
*367 distribution of the proceeds from a wrongful death action (EPTL 5-4.4).
Under the circumstances present, the two actions are closely interrelated. The action for legal malpractice would not exist without the action for wrongful death. The gravamen of the legal malpractice action is the failure of the attorney to secure a reasonable settlement because of his omission of proper defendants. However, the underlying and common element of both the wrongful death action and the action for legal malpractice is the recovery of a fair and reasonable award for the wrongful death of the decedent. Therefore, if the insurance coverage of the original defendant was in an amount sufficient to secure a fair settlement and a fair settlement was obtained, an action for legal malpractice for failure to join all proper defendants would have been without merit as no damages or loss because of the legal malpractice could be established.
Whether obtained upon the settlement of the wrongful death action or upon the settlement of the action for legal malpractice, the total recovery retains the character and identity of proceeds from a wrongful death cause of action. To find otherwise would defy logic and reason and would be inequitable to the interested parties.
The petition is granted and proceeds from the settlement of the action for legal malpractice will be. distributed in accordance with the decision of June 14,1971 as requested by petitioner and her adult children.
The decree to be made herein shall contain a provision directing the payment of the approved settlement by the defendant and his insurance carrier directly to the persons entitled thereto as determined herein, except that the proceeds to which the infant is entitled shall be paid to her guardian jointly with the guardian clerk of the Surrogate’s Court of the County of Westchester if a guardian is appointed within 60 days of the date of the decree herein. If no guardian is appointed within the stated time, the proceeds shall be deposited with the Commissioner of Finance of Westchester County for the infant’s benefit.